NOT FOR PUBLICATION                                             (Doc. No. 4)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                                          :
SEAN LATRAVERSE, individually and on      :
behalf of all others similarly situated,  :
                                          :
            Plaintiff,                    :      Civil No. 10-6133 (RBK/AMD)
                                          :
      v.                                  :      **OPINION**
                                          :
KIA MOTORS OF AMERICA, INC.,              :
                                          :
            Defendant.                    :
_____      :

**KUGLER**, United States District Judge:

       This is a proposed class action for breach of warranty against Defendant Kia Motors of

America[1] ("Kia") by owners of automobiles with engine defects that Kia has refused to repair.

Before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6).  For the following reasons, Defendant's Motion is **DENIED** in part and **GRANTED** in

part.

**I.     BACKGROUND**

       Plaintiff is the owner of a 2004 Kia Rio ("the Rio").  (Compl. ¶ 1).  The Rio is covered by

a standard 10-year / 100,000 mile warranty ("the Warranty").[2]  (Compl. ¶ 4).  Plaintiff alleges

that, on an unspecified date, the Rio experienced "engine failure as a result of a defect."  (Compl.

¶ 5).  As a result, Plaintiff brought the vehicle to an authorized Kia dealer for repair.  (Compl. ¶

5).  Kia refused to cover the cost of the repair.  (Compl. ¶ 5).  Plaintiff alleges that Kia breached

---

[1] Defendant notes that its correct legal name is Kia Motors America, Inc.  (Def.'s Notice of Removal 1).

[2] The Complaint contains no further allegations describing the Warranty, and Plaintiff did not attach a copy of the
Warranty to the Complaint.

the Warranty by refusing to cover the repair.  (Compl. ¶ 5).  Plaintiff claims that because Kia

refused to cover the repair, he could not drive the Rio for a period of time, incurred costs for a

rental vehicle, and repaired the Rio's engine at his own expense.  (Compl. ¶¶ 5-7).  Further,

Plaintiff alleges that "[r]ather than acknowledge the problem, Kia has proceeded to deny and / or

conceal the problem and directed its dealers to provide deceptive, false, or misleading

explanations for the failure to provide warranty coverage and reimbursement."  (Compl. ¶ 7).

Finally, the Complaint alleges that other 2004 Rio owners have experienced similar engine

problems and that Kia has refused to perform the necessary engine repairs under the Warranty.

(Compl. ¶¶ 5-6).

  Plaintiff filed a class action complaint in the Superior Court of New Jersey on October 4,

2010.  The Complaint alleges three causes of action:  (1) "Breach of Express Warranty;" (2)

"Fraud and Violation of Consumer Fraud Act;" and (3) "Violation of Magnuson-Moss Act"

("MMWA").  In November 2010, Defendant removed the matter to this Court pursuant to the

Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections

of 28 U.S.C.).  On December 15, 2010, Defendant moved to dismiss the Complaint pursuant to

Rule 12(b)(6).

## II. STANDARD

  Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure

to state a claim upon which relief may be granted.  With a motion to dismiss, "courts accept all

factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotations

omitted).  In other words, a complaint survives a motion to dismiss if it contains sufficient

factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl.
Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In making that determination, a court must conduct a two-part analysis. Ashcroft v.
Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11. First, a court must separate
factual allegations from legal conclusions. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the
elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.
Second, a court must determine whether the factual allegations are sufficient to show that the
plaintiff has a "plausible claim for relief." Id. at 1950. Determining plausibility is a "context-
specific task" that requires the court to "draw on its judicial experience and common sense." Id.
A complaint cannot survive where a court can only infer that a claim is merely possible rather
than plausible. See id.

## III.    DISCUSSION

### A. Plaintiff's Breach of Express Warranty Claim

Count I of the Complaint asserts a claim for "Breach of Express Warranty" under New
Jersey law. Plaintiff alleges that Kia "provided an express warranty to plaintiff and members of
the class," but that Kia "breached its express warrant[y] by failing to cover the cost of required
repairs within the term[s] of the warranty." (Compl. Count I ¶ 2). Kia argues that the Complaint
fails to state a cause of action because the Complaint fails to allege "the terms of the warranty, its
scope, or whether it was still in effect at the time" of the engine failure, and Plaintiff did not
attach a copy of the warranty to the Complaint. (Mot. to Dismiss 4).

To state a claim for breach of express warranty under New Jersey law, a plaintiff must
allege: (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing
from the breach; and (4) that the party stating the claim performed its own contractual

obligations.  Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007) (citing Gennari v. Weichert Co. Realtors, 691 A.2d 350, 367-368 (N.J. 1997)).  The plaintiff can assert the existence of an express contract by laying out its terms verbatim in the complaint, attaching a copy of the warranty, or pleading its existence according to its legal effect.  Pierce v. Montgomery Cnty. Opportunity Bd., Inc., 884 F. Supp. 965, 970 (E.D. Pa. 1995) (quoting 5 Charles A. Wright, Arthur R. Miller, Federal Practice and Procedure § 1235 at 272-273 (1990)). Under the Federal Rules, a plaintiff is not required to include the contract with the complaint, or allege the specific provisions violated in the contract.  DeFebo v. Anderson Windows, Inc., No. 09-2993, 2009 WL 3150390, at *5 n.2 (E.D. Pa. Sept. 24, 2009);  Slim CD, Inc. v. Heartland Payment Sys., Inc., No. 06-2256, 2007 WL 2459349, at *8 (D.N.J. Aug. 24, 2007); see also Jones v. Select Portfolio Servicing, Inc., No. 08-973, 2008 U.S. Dist. LEXIS 33284, at *10 (E.D. Pa. Apr. 23, 2008) ("A plaintiff is not required to attach the subject contract to the complaint."). Also, "the complaint does not need to resort to formulaic recitation of the elements of the alleged contract; rather, the complaint must allege facts sufficient to place the defendant on notice of the contract claim in such a way that the defendant can reasonably respond."  Transp. Int'l Pool, Inc. v. Ross Stores, Inc., No. 06-1812, 2009 WL 1033601, at *3 (E.D. Pa. Apr. 15, 2009) (interpreting pleading standard under Twombly).

Here, the Complaint alleges all of the essential elements of a breach of express warranty claim.  First, the Complaint alleges that Plaintiff and Kia agreed to a 10-year / 100,000 mile warranty.  Thus, the Complaint alleges the existence of a contract between the parties.  Second, the Complaint alleges that although the Warranty covered engine failure, Kia refused to repair the Rio's engine.  Thus, the Complaint also alleges breach of the express warranty.  Third, the Complaint alleges that Plaintiff suffered damages in the form of out-of-pocket costs for repairs

4

and the cost of a rental vehicle.  In addition, the Complaint alleges that Plaintiff could not use the Rio for a period of time.  Finally, the Complaint alleges that Plaintiff performed required maintenance on the Rio and presented it for repair to an authorized dealer, thereby fulfilling Plaintiff's obligations under the Warranty.

Kia's argument that Plaintiff should have alleged the terms of the Warranty and its scope or attached a copy of the Warranty to the Complaint is unavailing.  A plaintiff need not allege the specific terms of the warranty and its scope or attach a copy of the warranty to the Complaint to state a breach of warranty claim.  See Transp. Int'l, 2009 WL 1033601 at *3; Slim CD, 2007 WL 2459349 at *8.  Therefore, because Plaintiff has sufficiently pled breach of warranty under New Jersey law, Defendant's Motion to Dismiss is denied as to Count I of the Complaint.

## B.  Plaintiff's Fraud and NJCFA Claims

Plaintiff alleges fraud and violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S. § 56:8-1 et seq.  Specifically, the Complaint alleges that:  "[Kia's conduct] constitutes an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, and the knowing concealment, suppression of a material fact with intent that plaintiff and members of the class upon [sic] such concealment suppression, or omission and otherwise violates applicable consumer fraud and deceptive practices statutes."  (Compl. Count II ¶ 2).  Kia argues that Plaintiff has not alleged facts sufficient to support a common-law fraud claim, or an NJCFA claim.  (Def.'s Br. in Supp. of Mot. to Dismiss 5-7).

### 1.  Common-Law Fraud

"Every fraud in its most general and fundamental conception consists of the obtaining of an undue advantage by means of some act or omission that is unconscientious or a violation of good faith."  Jewish Ctr. Of Sussex Cnty v. Whale, 432 A.2d 521, 524 (N.J. 1981).  "The

elements for actionable fraud under New Jersey law are proof that the defendant made (1) a material misrepresentation of present or past fact (2) with knowledge of its falsity (3) with the intention that the other party rely thereon (4) and which resulted in reasonable reliance by plaintiff." Lightning Lube, Inc., v. Witco Corp., 4 F.3d 1153, 1182 (3d Cir. 1993) (citing Whale, 432 A.2d at 524).

In federal court, allegations of fraud are subject to the pleading requirements of Federal Rule of Civil Procedure 9(b). Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Pursuant to Rule 9(b), a plaintiff must plead the circumstances of the alleged fraud with particularity sufficient to put the defendant on notice of the "precise misconduct with which [it is] charged." Lum v. Bank of Am., 361 F.3d 217, 223-24 (3d Cir. 2004). A plaintiff may satisfy this requirement in two ways. Id. at 224. First, a plaintiff can meet the requirement "by pleading the date, place or time of the fraud." Id. Second, the plaintiff may use an "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Id. (citing Seville Indus. Mach. v. Southmost Mach., 742 F.2d 786, 791 (3d Cir. 1984)). Rule 9(b)'s heightened pleading standard is meant "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Seville, 742 F.2d at 791. At minimum, Rule 9(b) requires "that the plaintiff identify the speaker of allegedly fraudulent statements." Klein v. Gen. Nutrition Co., Inc., 186 F.3d 338, 345 (3d Cir. 1999).

Here, Plaintiff has failed to specifically allege the elements of common-law fraud.[3]

---

[3] Plaintiff's claim may also be barred under the economic loss doctrine. Under New Jersey common law, a tort claim stemming from a breach of express warranty is subject to the economic loss doctrine. See State Capital Title

Plaintiff's fraud claim consists of the following allegation:  "Kia has proceeded to deny and/or conceal the problem and directed its dealers to provide deceptive, false, or misleading explanations . . . ."  (Compl. ¶ 7).  The Complaint does not allege a material misrepresentation or reasonable reliance with particularity.  First, Plaintiff does not allege that "the problem" or Kia's misleading explanations are "material."  See Massachusetts Mut. Life Ins. Co. v. Manzo, 560 A.2d 1215, 1226 n. 7 (N.J. Super. App. Div. 1989) (defining material as "[i]mportant; more or less necessary; having influence or effect; going to the merits; having to do with matter, as distinguished from form.") (quoting Black's Law Dictionary 880 (5th ed. 1979)).  Second, Plaintiff does not allege Kia's representatives intended to induce reliance or that he reasonably relied on Kia's alleged misrepresentations.  See Ideal Dairy Farms, Inc. v. John Labatt, Ltd., 90 F.3d 737, 746 (3d Cir. 1996) ("[A] plaintiff claiming fraud must prove that it detrimentally relied on an intentionally misleading statement made by the defendant.") (citing John Hancock Mutual Life Ins. Co. v. Cronin, 51 A.2d 2, 4 (N.J. 1947)) (emphasis added).   Rather, the Complaint merely alleges that Kia "breached the standard express warranty and extended warranties." (Compl. ¶ 7).  Therefore, because Plaintiff fails to allege a material misrepresentation and reasonable reliance, Plaintiff's common law fraud claim is dismissed.

### 2.    Plaintiff's NJCFA Claim

The NJCFA "is aimed basically at unlawful sales and advertising practices designed to

---

& Abstract Co. v. Pappas Bus. Servs., LLC, 646 F. Supp. 2d 668, 676 (D.N.J. 2009).  Generally, the economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract."  Duquesne Light Co. v. Westinghouse Elec. Corp., 66 F.3d 604, 618 (3d Cir. 1995); see Unifoil Corp. v. Cheque Printers & Encoders Ltd., 622 F. Supp. 268, 271 (D.N.J. 1985) ("[T]he law of New Jersey . . . prohibit[s] fraud claims when the fraud contemplated by the plaintiff  . . . does not seem to be extraneous to the contract, but rather on fraudulent performance of the contract itself.") (internal quotations omitted).  However, the New Jersey Supreme Court has never held that a fraud claim cannot be maintained if based on the same conduct that gives rise to a breach of  contract claim.  Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 144 (3d Cir. 2001).  Rather, New Jersey courts have not agreed on whether fraud claims are an exception to the economic loss doctrine.  Kirtley v. Wadekar, No. 05-5383, 2006 WL 2482939, at *4 (D.N.J. Aug. 25, 2006).  Moreover, the Third Circuit has "decline[d] to wade into this morass."  Vanguard Telecomm. v. S. New England Tel., 900 F.2d 645, 654 (3d Cir. 1990).  However, because neither party has raised the issue and because Plaintiff's fraud claim fails for other reasons, the Court will not decide whether the economic loss doctrine bars Plaintiff's fraud claim.

induce consumers to purchase merchandise or real estate." D'Ercole Sales, Inc. v. Fruehauf Corp., 501 A.2d 990, 996 (N.J. Super. Ct. App. Div. 1985), cited with approval in, Cox v. Sears Roebuck & Co., 647 A.2d 454, 461 (N.J. 1994).  In order to survive a motion to dismiss, a plaintiff must allege that:  (1) the defendant engaged in an unlawful practice; (2) the plaintiff suffered an ascertainable loss; and (3) there is a causal relationship between the unlawful conduct and the ascertainable loss.  Bosland v. Warnock Dodge, Inc., 964 A.2d 741, 557 (N.J. 2009).

Also, in federal court, the plaintiff must satisfy the requirements of Rule 9(b), and plead NJCFA fraud claims with particularity.  Naporano Iron & Metal Co. v. Am. Crane Corp., 79 F. Supp. 2d 494, 510 (D.N.J. 1999).  As with common law fraud, the plaintiff can satisfy the Rule 9 requirement by:  (1) pleading the date, place or time of the fraud; or (2) otherwise injecting precision and some measure of substantiation in the allegations of fraud.  See Lum, 361 F.3d at 224.  The requirements of Rule 9(b) are satisfied where the plaintiff alleges the specific and precise instances of the defendant's fraudulent behavior under the NJCFA.  See, e.g., Alin v. Am. Honda Motor Co., Inc., No. 08-4825, 2010 WL 1372308, at *10 (D.N.J. March 31, 2010) (finding Rule 9(b) requirements met where plaintiff alleged car manufacturer knew of defect but concealed it, and plaintiff substantiated claim with specific instance of manufacturer's technician stating defect was common); Strzakowlski v. Gen. Motors Corp., No. 04-4740, 2005 WL 2001912, at *6 (D.N.J. Aug. 16, 2005) (finding Rule 9(b) requirements satisfied where plaintiff alleged defendant attempted to conceal engine defect, detailed defendant's specific conduct and omissions, and alleged the general dates of the fraud).  However, the requirements of Rule 9(b) are not met where the plaintiff does not allege specific and precise factual details about the defendant's fraud under the NJCFA.  See Frederico, 507 F.3d at 200 (holding Rule 9(b) requirements not met where plaintiff made only made generic references to defendant's alleged

fraud in charging late fees, but did not identify specific instance of fraud); <u>Rait v. Sears, Roebuck and Co.</u>, No. 08-2461, 2009 WL 250309, at *4 (D.N.J. Feb. 3, 2009) (finding complaint alleging only that plaintiff had purchased product, that product was defective, and that defendant was aware of defective nature of product and did not reveal defect, did not inject sufficient precision into the allegations of fraud and lacked factual detail).

Here, the Complaint fails to allege with particularity that Kia engaged in an unlawful practice.[4]  The only allegations in the Complaint that can be construed as an unlawful practice are as follows:

> Plaintiff and class members have been without the use of their vehicle and incurred costs for rental vehicles.  Rather than acknowledge <u>the problem</u>, Kia has proceeded to deny and/or conceal <u>the problem</u> and directed its dealers to provide <u>deceptive, false, or misleading explanations</u> for the failure to provide warranty coverage and reimbursement.  It has breached its standard express warranty and extended warranties.

(Compl. ¶ 7) (emphasis added).[5]  Those allegations are deficient for two reasons.  First, the

---

[4] The NJCFA defines an unlawful practice as the following:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby . . . .

N.J. Stat. Ann. § 56:8-2.

[5] The Complaint also alleges the following:

> The conduct set forth herein constitutes an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, and the knowing concealment, suppression of a material fact with intent that plaintiff and members of the class upon [sic] such concealment, suppression, or omission and otherwise violates applicable consumer fraud and deceptive practices statutes.

The Complaint recites the language of the NJCFA.  But, "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555.  Thus, the Court disregards these allegations as legal conclusions.  <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949.

Complaint does not identify with particularity what "deceptive, false, or misleading

explanations" that Kia instructed its dealers to give to its customers, or point to an example of a

dealer who gave Plaintiff an allegedly false explanation.[6]  Rule 9(b) requires that, at minimum,

Plaintiff identify the speaker of the allegedly fraudulent explanations.  Klein, 186 F.3d at 345.

But, the Complaint does not specifically allege that Kia or an authorized dealer gave Plaintiff a

false explanation for refusing to repair the Rio.  Therefore, because the Complaint fails to put

Kia on notice of the specific conduct that gave rise to its NJCFA claim, the Complaint is

deficient under Rule 9(b).

Second, the Complaint does not allege with particularity "the problem" that Kia denied or

concealed.  Kia cannot determine, based upon these allegations alone, "the problem" to which

Plaintiff refers.[7]  See Lum, 361 F.3d 223-24 (holding a plaintiff must plead with sufficient

---

[6] In the Reply Brief Plaintiff argues "[w]e do not have simple [sic] a failure to provide warranty coverage.  Plaintiff had performed required maintenance yet the dealer at Kia's behest falsely stated he had not and used that false statement as a means to deny required warranty coverage."  (Pl.'s Br.  in Opp'n to Mot. to Dismiss 4-5).  This additional information infuses Plaintiff's claim with greater specificity and particularity by alleging a concrete instance of potentially fraudulent behavior.  However, on a motion to dismiss, the Court is "not permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein were based," and may not consider facts contained in the reply brief not alleged in the Complaint.  In re Burlington Coat Factory Sec.'s Litig., 114 F.3d 1410, 1425 (3d Cir. 1997).  Therefore, the Court cannot consider the arguments in the Reply Brief in construing the Complaint.

[7] Even if the Court construes "the problem" as the breach of warranty and Kia's concealment thereof, which is not clear, the Complaint still would not meet the requirements of Rule 9(b).  A breach of warranty is not unfair or unconscionable per se and is not alone an unlawful practice under the NJCFA.  Palmucci v. Brunswick Corp., 710 A.2d 1045, 1049 (N.J. Super. App. Div. 1998).  Where the basis for a plaintiff's NJCFA claim is essentially a breach of warranty claim, the plaintiff must show "substantial aggravating circumstances."  Suber v. Chrysler Corp., 104 F.3d 578, 587 (3d Cir. 1997); D'Ercole, 501 A.2d at 1001 (relating that because "unfairness inheres in every breach of contract," substantial aggravating circumstances must be present to justify the treble damages available under NJCFA) (quoting United Roasters, Inc. v. Colgate-Palmolive Co., 649 F.2d 985, 992 (4th Cir. 1981)).  The active and knowing concealment of a breach of warranty by a defendant is a substantial aggravating circumstance.  See Suber, 104 F.3d at 587 (finding substantial aggravating circumstances pled where plaintiff alleged Chrysler representative verbally informed plaintiff about van's suspension problems but then lied on official report that van had no suspension problems because representative attempted to conceal breach of warranty); Alin, 2010 WL 1372308, at *8 (finding substantial aggravating circumstances where plaintiff pled Honda knew or should have known of vehicle defect, promised to repair defect as part of warranty knowing that it would not honor warranty, and affirmatively concealed defect to foil warranty); Strzakowski, 2005 WL 2001912, at *5 (finding sufficient allegation of aggravating circumstances where defendant attempted to conceal engine defect in car by implementing repair procedure under guise of "customer satisfaction program" to hide defect until warranty expired); Naporano, 79 F. Supp. 2d at 507 (holding aggravating circumstances may be present where defendant instructed plaintiff to

specificity to put a defendant on notice of the precise misconduct with which it is being charged).

Therefore, the Complaint does not meet the pleading requirements of Rule 9, and Plaintiff's

NJCFA claim is dismissed.

### C. Plaintiff's Breach of Warranty Claim under the MMWA

"The Magnuson-Moss Act was promulgated to increase consumer rights and protections

by imposing minimum standards for manufacturers' warranties and by providing various

avenues for consumer redress." Walsh v. Ford Motor Co., 627 F. Supp. 1519, 1522 (D.D.C.

1986). Section 110(d) of the MMWA provides, in pertinent part, that "a consumer who is

damaged by the failure of a supplier, warrantor, or service contractor to comply with any

obligation under this chapter, or under a written warranty, implied warranty, or service contract,

may bring suit for damages and other legal and equitable relief . . . ." 15 U.S.C. § 2310(d)

(emphasis added). State substantive law determines liability for Magnuson-Moss claims based

on breaches of express and implied warranties. Cooper v. Samsung Elec.'s Am., Inc., No. 07-

3853, 2008 WL 4513924, at *6 (D.N.J. Sept. 30, 2008).

Here, Plaintiff alleges that Defendant breached an express warranty. The Court has

already found that Plaintiff's allegations that Kia breached an express warranty are legally

sufficient under New Jersey law.[8] Thus, Kia's Motion to Dismiss is denied as to Plaintiff's

MMWA claim.

### D. Amendment of the Complaint

Local Civil Rule 7.1(f) mandates that "[u]pon filing of a motion for leave to file an

---

stop using a product, after defendant recalled and then reissued the product, because defendant downplayed and concealed breach of warranty). However, substantial aggravating circumstances must be alleged with particularity under Rule 9(b). Rait, 2009 WL 250309, at *4. Here, the Complaint does not allege with particularity how "the problem" was concealed, or what misleading statements Kia told its dealers to provide to their customers. Therefore, the Complaint does not meet the requirements of Rule 9(b).

[8] Plaintiff's claim under the MMWA does not foreclose his state-law breach of warranty claim: "Nothing in [the MMWA] shall invalidate or restrict any right or remedy of any consumer under State law." 15 U.S.C. § 2311(b)(1).

amended complaint . . . the moving party shall attach to the motion a copy of the proposed pleading or amendments . . . ."  L. Civ. R. 7.1(f).  The purpose of  Rule 7.1(f) is to give the Court and the parties a chance to evaluate the sufficiency of the proposed amended pleading.  See P. Schoenfeld Asset Mgt. v. Cendant Corp., 142 F. Supp. 2d 589, 622 (D.N.J.2001).  Failure to comply with the Rule by not attaching a copy of the proposed amendment defeats the request for amendment.  Parker v. Howmedica Osteonics Corp., No. 07-2400, 2008 WL 141628, at *5 (D.N.J. Jan. 14, 2008) ("[R]equesting leave to amend requires the party seeking leave to file a draft amended complaint . . . and a failure to do so is fatal to a request for leave to amend.") (internal quotations omitted).

Here, Plaintiff argues that "[t]o the extent the complaint is not sufficiently specific, then the initial remedy would be to permit amendment."  (Pl.'s Br.  in Opp'n to Mot. to Dismiss 6). Construing this as a request for leave to amend the Complaint, Plaintiff has failed to comply with Rule 7.1(f).  Plaintiff has not attached a copy of the proposed amended complaint.  Failure to attach a copy of the proposed amended complaint is fatal to the request for leave to amend. Parker, 2008 WL 141628 at *5.  Leave to amend is therefore **DENIED**.

## IV.    CONCLUSION

For the reasons discussed above, Defendant's Motion to Dismiss is **DENIED** as to Counts I and III of the Complaint, and is **GRANTED** as to Count II of the Complaint.  Plaintiff's motion for leave to amend is **DENIED**.  An appropriate Order shall enter.


Date:____7/27/11_____                              /s/ Robert B. Kugler___
                                                    ROBERT B. KUGLER
                                                    United States District Judge